# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KIMBERLY K. HAMMOND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-09-652-M |
| | ) | |
| JOHN Q. HAMMONS HOTELS | ) | |
| MANAGEMENT, LLC; | ) | |
| JOHN Q. HAMMONS FALL 2006, LLC; | ) | |
| JOHN Q. HAMMONS HOTELS, INC.; | ) | |
| HILTON HOTELS CORPORATION; | ) | |
| SUNBEAM PRODUCTS, INC. d/b/a | ) | |
| Jarden Consumer Solutions; | ) | |
| SUNBEAM AMERICAS HOLDINGS, | ) | |
| LLC; | ) | |
| JARDEN CORPORATION; and | ) | |
| TSANN KUEN USA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Before the Court are defendants' motions to transfer. Plaintiff has filed her response. Based upon the parties' submissions, the Court makes its determination.

I.    Introduction

Plaintiff, a dental hygienist from Oklahoma City, alleges that on or about July 14, 2008, she was a guest at the Embassy Suites Hot Springs Hotel and Spa in Hot Springs, Arkansas. She was attending a commercial insurance meeting for CNA Insurance with her husband, and while preparing to attend dinner, she reached down with her right hand to plug in a Sunbeam clothes iron

manufactured by the Sunbeam defendants[1] and supplied by the Hotel defendants.[2] As plaintiff slid the clothes iron's plug into the socket in her hotel room, the plug exploded in her right hand and a ball of fire shot out from the wall. As a result of the explosion, plaintiff's hand was charred and her hand and arm were electrocuted, causing neurological damage.

II.     Discussion

Defendants have moved, pursuant to 28 U.S.C. § 1404(a), to transfer this action to the United States District Court for the Western District of Arkansas. Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). "The purpose of § 1404(a) is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Jacobs v. Lancaster*, 526 F. Supp. 767, 769 (W.D. Okla. 1981) (citing *Van Dusen v. Barrack*, 376 U.S. 612 (1964); *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19 (1960)).

"The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). A district court has discretion to adjudicate motions to transfer based upon an "individualized, case-by-case consideration of convenience and fairness." *Id.* at 1516 (internal quotations and citations omitted). "Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Chicago, Rock Island and Pacific R.R.*

---

[1] The Sunbeam defendants consist of defendants Sunbeam Products, Inc., Sunbeam Americas Holdings, LLC, Jarden Corporation, and Tsann Kuen USA, Inc.

[2] The Hotel defendants consist of defendants John Q. Hammons Hotels Management LLC, John Q. Hammons Hotels Inc., John Q. Hammons Fall 2006 LLC, and Hilton Hotels Corporation.

2

*Co. v. Hugh Breeding, Inc.*, 232 F.2d 584, 587 (10th Cir. 1956) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1957)).

Having carefully reviewed the parties' submissions, the Court finds that defendants have presented no evidence that the Western District of Oklahoma is an inconvenient forum. Specifically, the Court finds that defendants have failed to present any evidence as to how it would be more convenient for the parties and witnesses to try this matter in the Western District of Arkansas. Defendants have not identified any specific witnesses or documents that are located in Arkansas. Further, none of the defendants' principal places of business are in Arkansas. On the other hand, plaintiff is a resident of Oklahoma; her husband, who was a witness to the incident, is a resident of Oklahoma, and plaintiff's treating physicians all reside in Oklahoma. Additionally, plaintiff's medical records, employment records, and other records relating to this action are located in Oklahoma. The Court, therefore, finds that this action should not be transferred to the Western District of Arkansas.

III.   Conclusion

For the reasons set forth above, the Court DENIES defendants John Q. Hammons Hotels Management, LLC, John Q. Hammons Hotels, Inc., and Hilton Hotel Corporation's Motion for Transfer [docket no. 9], defendants Sunbeam Products, Inc., Sunbeam Americas Holdings, LLC,

Jarden Corporation, and Tsann Kuen USA, Inc.'s Motion to Transfer Venue [docket nos. 24 and 35], and defendant John Q. Hammons Fall 2006, LLC's Motion to Transfer Case to W.D. Arkansas [docket no. 27].

**IT IS SO ORDERED this 20th day of January, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE