# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KIMBERLY K. HAMMOND, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. CIV-09-652-M |
| JOHN Q. HAMMONS HOTELS MANAGEMENT, LLC; JOHN Q. HAMMONS FALL 2006, LLC; JOHN Q. HAMMONS HOTELS, INC.; HILTON HOTELS CORPORATION; SUNBEAM PRODUCTS, INC. d/b/a Jarden Consumer Solutions; SUNBEAM AMERICAS HOLDINGS, LLC; JARDEN CORPORATION; and TSANN KUEN USA, INC., | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is defendants Sunbeam Products, Inc., Sunbeam Americas Holdings, LLC, Jarden Corporation, and Tsann Kuen USA, Inc.'s ("Sunbeam defendants") Motion to Dismiss Plaintiff's Amended Complaint, filed July 16, 2009. On August 7, 2009, plaintiff filed her response.

Plaintiff, a dental hygienist from Oklahoma City, alleges that on or about July 14, 2008, she was a guest at the Embassy Suites Hot Springs Hotel and Spa in Hot Springs, Arkansas. She was attending a commercial insurance meeting for CNA Insurance with her husband, and while preparing to attend dinner, she reached down with her right hand to plug in a Sunbeam clothes iron manufactured by the Sunbeam defendants and supplied by the Hotel defendants.[1] As plaintiff slid the clothes iron's plug into the socket in her hotel room, the plug exploded in her right hand and a

---

[1] The Hotel defendants consist of defendants John Q. Hammons Hotels Management LLC, John Q. Hammons Hotels Inc., John Q. Hammons Fall 2006 LLC, and Hilton Hotels Corporation.

ball of fire shot out from the wall. As a result of the explosion, plaintiff's hand was charred and her hand and arm were electrocuted, causing neurological damage.

The Sunbeam defendants have filed a motion to dismiss, which states in its entirety:

> Defendants named as Sunbeam Products, Inc. d/b/a Jarden Consumer Solutions, Sunbeam Americas Holdings, LLC, and Jarden Corporation, pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(7) move to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted, on the bases that these defendants are not proper parties to this litigation as they are not a manufacturer or seller of the product at issue nor owners or occupiers of the property on which the alleged incident occurred.

Motion to Dismiss Plaintiff's Amended Complaint and, Subject Thereto, Motion to Transfer Venue, and Answer by Defendants Sunbeam Products, Inc. d/b/a Jarden Consumer Solutions and Sunbeam Americas Holdings, Jarden Corporation, & Tsann Kuen USA, Inc. at 2.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In her Amended Complaint, plaintiff specifically alleges the following:

> 21. Defendants designed, fabricated, manufactured, produced, assembled, imported, distributed, sold, leased, supplied, marketed, advertised or otherwise placed into the stream of commerce a consumer clothes iron under the Sunbeam brand name.
>
> 22. Defendants were in the business of designing, fabricating, manufacturing, producing, importing, distributing, selling, supplying, leasing, marketing, advertising or otherwise placing into the stream of commerce consumer clothes irons under the Sunbeam brand name.

Amended Complaint at ¶ 21, 22.

Having carefully reviewed the Amended Complaint and the parties' submissions, the Court finds that plaintiff has set forth sufficient allegations that the Sunbeam defendants are a manufacturer or seller of the product at issue to state a claim upon which relief can be granted.

Accordingly, the Court DENIES the Sunbeam defendants' Motion to Dismiss Plaintiff's Amended Complaint [docket no. 24].

**IT IS SO ORDERED this 20th day of January, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE