**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| KIMBERLY K. HAMMOND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-09-652-M |
| | ) | |
| JOHN Q. HAMMONS HOTELS | ) | |
| MANAGEMENT, LLC; | ) | |
| JOHN Q. HAMMONS FALL 2006, LLC; | ) | |
| JOHN Q. HAMMONS HOTELS, INC.; | ) | |
| HILTON HOTELS CORPORATION; | ) | |
| SUNBEAM PRODUCTS, INC. d/b/a | ) | |
| Jarden Consumer Solutions; | ) | |
| SUNBEAM AMERICAS HOLDINGS, | ) | |
| LLC; | ) | |
| JARDEN CORPORATION; and | ) | |
| TSANN KUEN USA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is defendants John Q. Hammons Hotels Management, LLC., John Q.

Hammons Fall 2006 LLC, John Q. Hammons Hotels, Inc., and Hilton Hotels Corporation's ("Hotel

Defendants") Motion to Dismiss, filed July 17, 2009. On August 7, 2009, plaintiff filed her

response, and on August 13, 2009, the Hotel Defendants filed their reply. Based upon the parties'

submissions, the Court makes its determination.

I.      Introduction

Plaintiff, a dental hygienist from Oklahoma City, alleges that on or about July 14, 2008, she

was a guest at the Embassy Suites Hot Springs Hotel and Spa in Hot Springs, Arkansas. She was

attending a commercial insurance meeting for CNA Insurance with her husband, and while preparing

to attend dinner, she reached down with her right hand to plug in a Sunbeam clothes iron

manufactured by the Sunbeam defendants[1] and provided by the Hotel Defendants.  As plaintiff slid the clothes iron's plug into the socket in her hotel room, the plug exploded in her right hand and a ball of fire shot out from the wall.  As a result of the explosion, plaintiff's hand was charred and her hand and arm were electrocuted, causing neurological damage.

II.    Discussion

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Hotel Defendants move to dismiss plaintiff's claims for manufacturers' products liability and breach of implied warranty of merchantability.[2]

> In order to state a cause of action under a theory of strict liability, a plaintiff must plead that: (1) he has sustained damages; (2) the defendant was engaged in the business of manufacturing, assembling, selling, leasing, or distributing the product; (3) the product was supplied by the defendant in a defective condition which rendered it unreasonably dangerous; (4) the defective condition was a proximate cause of plaintiff's damages.

*Pilcher v. Suttle Equip. Co.*, 223 S.W.3d 789, 794 (Ark. 2006).[3]

The Hotel Defendants assert that plaintiff's First Amended Complaint fails to satisfy element two in that the Hotel Defendants were not engaged in the business of manufacturing, assembling, selling, leasing, or distributing the Sunbeam clothes iron.  The Hotel Defendants contend that they did not place the Sunbeam clothes iron in the stream of commerce by having it available for guests'

---

[1]The Sunbeam defendants consist of defendants Sunbeam Products, Inc., Sunbeam Americas Holdings, LLC, Jarden Corporation, and Tsann Kuen USA, Inc.

[2]On August 7, 2009, plaintiff filed a Notice of Dismissal dismissing her implied warranty of merchantability claim against the Hotel Defendants.  Therefore, the Court need not address the Hotel Defendants' motion to dismiss as to that claim.

[3]The parties agree that Arkansas law should be applied for purposes of deciding whether a hotel can be held strictly liable.

use in a hotel room and that they simply provided plaintiff with a clothes iron incidental to the primary use of the hotel room.

Plaintiff, however, contends that because the Hotel Defendants were "suppliers" of the Sunbeam iron, they are subject to strict liability. Specifically, plaintiff contends that the Hotel Defendants are "suppliers" of clothes irons within the meaning of the Arkansas Code because they "market," "service" or "otherwise distribute" clothes irons to their guests as alleged in the First Amended Complaint. Plaintiff further asserts that the Hotel Defendants were a direct link in the chain of getting the clothes iron at issue from the manufacturer to the ultimate user or consumer.

The Arkansas Code provides that "[a] supplier of a product is subject to liability in damages for harm to a person or to property if: (1) The supplier is engaged in the business of manufacturing, assembling, selling, leasing, or otherwise distributing the product; (2) The product was supplied by him or her in a defective condition that rendered it unreasonably dangerous; and (3) The defective condition was a proximate cause of the harm to a person or to property." Ark. Code. Ann. § 4-86-102(a) (2009). The Arkansas Code defines "supplier" as follows:

> (6)(A) "Supplier" means any individual or entity engaged in the business of selling a product, whether the sale is for resale or for use or consumption.
> (B) "Supplier" includes a retailer, wholesaler, or distributor and also includes a lessor or bailor engaged in the business of leasing or bailment of a product.
> (C) "Supplier" shall not include any licensee, as the term is defined in § 17-42-103(10), who is providing only brokerage and sales services under a license; . . . .

Ark. Code Ann. § 16-116-102(6) (2009).

When construing the language of a statute, a court must construe the language just as it reads, giving the words their plain and usually accepted meaning. *Miss. River Transmission Corp. v.*

*Weiss*, 65 S.W.3d 867, 872-74 (Ark. 2002). The term distributor is defined in Black's Law Dictionary as a "wholesaler, jobber, or other manufacturer or supplier that sells chiefly to retailers and commercial users." Black's Law Dictionary (8th ed. 2004), *distributor*. Additionally, The American Heritage College Dictionary defines the term distribute as follows: "To supply (goods) to retailers." The American Heritage College Dictionary (3d ed. 1997), *distribute*.

Giving the terms "otherwise distributing" and "distributor" their plain and usually accepted meaning, the Court finds that the Hotel Defendants are not suppliers within the meaning of the Arkansas Code. The Hotel Defendants are not wholesalers or suppliers that sell chiefly to retailers and commercial users; they simply provide amenities, including clothes irons, to their guests incident to the primary use of the hotel room. Further, the Court finds that the Hotel Defendants do not "market" Sunbeam irons; rather, they merely mention irons incidentally in advertisements while marketing their own service of providing hotel rooms. Finally, the Court finds that in her First Amended Complaint, plaintiff does not allege that the Hotel Defendants serviced the clothes iron. The Court, accordingly, finds that plaintiff fails to state a claim for manufacturers' products liability against the Hotel Defendants and that this claim, therefore, should be dismissed.

III.    Conclusion

For the reasons set forth above, the Court GRANTS the Hotel Defendants' Motion to Dismiss [docket no. 26] and DISMISSES plaintiff's claim for manufacturers' product liability against the Hotel Defendants.

**IT IS SO ORDERED this 20th day of January, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE