# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KIMBERLY K. HAMMOND, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. CIV-09-652-M ) |
| JOHN Q. HAMMONS HOTELS MANAGEMENT, LLC; JOHN Q. HAMMONS FALL 2006, LLC; HILTON HOTELS CORPORATION; PROMUS HOTELS, INC.; SUNBEAM PRODUCTS, INC. d/b/a Jarden Consumer Solutions, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is plaintiff's Motion to Compel Discovery Responses, filed December 3, 2010. On December 22, 2010, defendant Sunbeam Products, Inc. ("Sunbeam") filed its response, and on December 29, 2010, plaintiff filed her reply. Based upon the parties' submissions, the Court makes its determination.

I.   Introduction

Plaintiff filed the instant action on June 19, 2009, alleging that an iron sold and distributed by Sunbeam caused injury to her hand when she used it at a hotel. Specifically, plaintiff alleges that while plugging in the iron, the plug exploded in her hand, severing the electric cord, and causing severe burns to plaintiff's hand. On March 24, 2010, plaintiff submitted Interrogatories and Requests for Production of Documents to Sunbeam. On May 26, 2010, Sunbeam submitted its responses to plaintiff's discovery.

Plaintiff asserts that Sunbeam has failed to fully answer certain interrogatories and requests for production pertaining to other similar incidents, claims, recalls, or accidents. Pursuant to Federal

Rule of Civil Procedure 37(a), plaintiff moves the Court for an order compelling discovery from Sunbeam. In its response, defendant asserts that the discovery requests at issue are overly broad and will not lead to the discovery of admissible evidence.

II.     Discovery Requests at Issue

The discovery requests and Sunbeam's responses that are at issue state as follows:

> **INTERROGATORY NO. 16:** If during the last ten years You have conducted any recall campaigns, operations or programs for clothes irons, state:
> (a)     the exact date of the announcement or beginning of the campaign, operation, program, or activity;
> (b)     the purpose of the campaign or activity, in terms of potential or real defects sought to be checked or corrected;
> (c)     the types or models of irons involved in the campaign or activity;
> (d)     the number of irons of each type or model referred to in response to subsection (c) sought to be examined or corrected; and
> (e)     the number of irons of each type actually examined or corrected.
>
> **ANSWER:** Defendant objects to interrogatories as exceeding the number allowed by FRCP 33(a)(1). Defendant objects to the interrogatory as calling for information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, overly broad, vague, and ambiguous. Subject to and without waiving the objections, Defendant is unaware of recalls regarding the product at issue.
>
> **REQUEST FOR PRODUCTION NO. 15:** Produce all Documents, Writings or Communications relating or referring to any recall campaigns, operations, programs or activities conducted by You in the last ten years regarding clothes irons.
>
> **ANSWER:** Defendant objects to the request as calling for information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, overly broad, vague, and ambiguous. Subject to and without waiving the objections, Defendant has no such documents regarding the product at issue.

2

**REQUEST FOR PRODUCTION NO. 17:** Produce all Documents, Writings or Communications referring or relating in any way to any complaints or claims You have had in the past seven years regarding electric shocks, burns or injuries caused by clothes irons You manufacture, sell or distribute.

**ANSWER:** Defendant objects to the request as calling for information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, as calling for proprietary or trade secret information, as overly broad, vague, and ambiguous. Subject to and without waiving the objections, Defendant has no such documents regarding the product at issue other than the allegations made in this case.

**REQUEST FOR PRODUCTION NO. 21:** Produce all pleadings, including deposition transcripts, filed by all parties in every legal action against You arising subsequent to the date of January 1, 2003 which involved a clothes iron.

**ANSWER:** Defendant objects to the request as calling for information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, overly broad, vague, and ambiguous. Subject to and without waiving the objections, Defendant has no such documents regarding the product at issue other than the allegations made in this case.

**REQUEST FOR PRODUCTION NO. 22:** Produce all Documents, Writings or Communications which mention, describe, or in any way refer to a complaint concerning clothes irons, whether or not made by consumers, and which has been received by You subsequent to July 14, 2008.

**ANSWER:** Defendant incorporates the objections and responses to Request No. 21.

III. Discussion

Federal Rule of Civil Procedure 26(b)(1) provides, in pertinent part:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of

> persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

Plaintiff asserts that information regarding other accidents and other irons is of particular importance in this case (1) to show that Sunbeam had notice of the types of defects found in the iron at issue and (2) to show the inadequacy of Sunbeam's testing and safety procedures if shown that other irons and products have produced similar electrical shocks. Plaintiff, thus, asserts that the discovery sought by plaintiff is both reasonable and relevant and there is no justification for Sunbeam's denial of these areas of discovery. Further, plaintiff contends that even if the documents and information sought by plaintiff ultimately prove to be inadmissible at trial, the documents and information are still discoverable at this stage of litigation because they could lead to the discovery of other admissible evidence.

Sunbeam contends plaintiff's discovery requests are obviously overly broad and will not lead to the discovery of admissible evidence. Specifically, Sunbeam contends that plaintiff makes no attempt to limit the requested evidence to that regarding substantially similar incidents and products and instead makes hugely general requests for information regarding "clothes irons".

Having carefully reviewed the parties' submissions, the Court finds that while plaintiff's discovery requests seek discoverable information regarding other similar accidents and similar clothes irons, plaintiff's requests are overly broad. Accordingly, the Court finds that plaintiff's discovery requests should be limited to clothes irons of the same make and model as the clothes iron at issue in this case, other clothes irons obtained and distributed by Sunbeam that were manufactured

4

by the same manufacturer that manufactured the clothes iron at issue in this case, and any other clothes irons that have a similar design as the clothes iron at issue and/or contain similar parts or components, such as the electric cord, as the clothes iron at issue.

IV.     Conclusion

Therefore, the Court GRANTS IN PART and DENIES IN PART plaintiff's Motion to Compel Discovery Responses [docket no. 90] and ORDERS Sunbeam to respond to Interrogatory No. 16 and Requests for Production Nos. 15, 17, 21, and 22, as limited above. Said responses shall be provided to plaintiff within ten (10) days of the date of this Order.

**IT IS SO ORDERED this 6th day of January, 2011.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE